UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ABINAIR MARTIN, )<br>)<br>      Plaintiff )<br>v. )<br>)<br>BOULEVARD MOTEL CORP., d/b/a )<br>COMFORT INN, )<br>)<br>      Defendant ) | No. 2:14-cv-168-JAW |

ORDER ON PLAINTIFF'S MOTION TO STAY

The plaintiff seeks a stay of all proceedings in this case until appeals are resolved in what she characterizes as "two companions cases," *Pippin v. Boulevard Motel Corp.*, No. 2:14-cv-167-JAW and *Parker v. Boulevard Motel Corp.*, No. 2:14-cv-169-JAW, currently pending before the First Circuit Court of Appeals following the entry of summary judgment in favor of the defendant in both cases by this court. Plaintiff's Motion to Stay Proceedings Pending Appeal of Companion Cases ("Motion") (ECF No. 37) at 1. I deny the motion.

The plaintiff asserts that all three cases "involve the same witnesses and documents," that she will, once again, move to consolidate this case with the two presently on appeal should the appeals be successful, that a stay pending resolution of the appeals will preserve judicial resources, and that a stay will not prejudice either party. *Id*. at 2. She cites no authority in support of her request in her initial motion.

The defendant opposes the motion, objecting primarily to the delay that would be caused by an indefinite stay. Defendant's Opposition to Plaintiff's Motion to Stay Proceedings Pending Appeal of Companion Cases ("Opposition") (ECF No. 38). It points out that the events giving rise to the complaint occurred before August 24, 2011, and the complaint in this case was filed on

1

March 21, 2014.  The case has been ready for trial, it asserts, "at least since the passage of the dispositive motion deadline on February 27, 2015."  *Id*. at [3].  Since that date, the court has dismissed as moot the plaintiff's second motion to consolidate the three cases (ECF No. 36).[1]  The plaintiff filed the instant motion a month thereafter.

"Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy."  *Good v. Altria Group, Inc.*, 624 F.Supp.2d 132, 134 (D. Me. 2009).  However,

> [t]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.  Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will defined the rights of both.

*Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971) (citation omitted).  Here, the plaintiff has not met this standard.

The requested stay, the duration of which cannot be known, will work damage to the defendant in that witnesses' memories will fade over time and witnesses may become more difficult to locate as years pass after the relevant events.  The plaintiff has shown no inequity inherent in requiring her to undertake the trial she sought when she filed this action well over a year ago, nor can there be any hardship in proceeding to trial when discovery has been completed.[2]

---

[1] The plaintiff's first motion to consolidate the three cases (ECF No. 7) was denied on October 23, 2014 (ECF No. 15).  She filed an objection to the denial (ECF No. 16) that was overruled on December 9, 2014.  ECF No. 22.

[2] The plaintiff asserts that there will be both financial and practical hardship to her because, if this case is tried now, there will be "two jury pools, two trials, and twice the amount of legal fees."  Plaintiff's Reply Brief in Support of Motion to Stay ("Reply") (ECF No. 39) at 3.  This argument assumes that the plaintiffs in the companion cases will be successful in their appeals, an outcome not certain.  Nor is there any reason to assume, as the plaintiff does, *id*., that the stay which she seeks will be "short."

The plaintiff's assertions regarding judicial economy are more hopeful than factual. She states that, in the pending appeals, the First Circuit "will be considering—and most likely clarifying, limiting, or abrogating—the holdings in *Winslow* [*v. Aroostook County*, 736 F.3d 23 (1st Cir. 2013)] and *Harrison* [*v. Granite Bay Care, Inc.*, Civil No. 2:13-cv-123-DBH, 2014 WL 4410932 (D. Me. Sept. 4, 2014),]" and that this ruling will govern the instant case. Reply at 4. She says that "there is a . . . risk of an appeal" if this case goes to trial before the current appeals are decided. *Id.* But, she cannot reliably predict whether the First Circuit's eventual resolution of the appeal will necessarily affect the issues in the instant case. The plaintiff's judicial economy argument requires this court to conclude that its summary judgment ruling in the cases on appeal was most likely erroneous, a proposition this court declines.

The plaintiff has not presented a persuasive reason for indefinitely staying this case. The motion is denied.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 30th day of December, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

3