UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ABINAIR MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:14-cv-00168-JAW |
| | ) |
| BOULEVARD MOTEL CORP., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION IN LIMINE**

With trial looming in this Maine law anti-retaliation and whistleblower protection claim, Boulevard Motel Corp. (Boulevard) filed a motion in limine to exclude the testimony of two former employees, Brenda Pippin and Grace Parker. *Def.'s Mot. in Limine* (ECF No. 54) (*Def.'s Mot.*). Ms. Martin objected. *Pl.'s Opp'n to Defs.' Mot.* in Limine *to Exclude Circumstances Surrounding Terminations of Former Employees* (ECF No. 57) (*Pl.'s Opp'n*). Ms. Pippin and Ms. Parker filed separate lawsuits against Boulevard, alleging that it terminated them in violation of the state anti-retaliation and whistleblower protection acts, both of which are now on appeal to the First Circuit Court of Appeals. *Pippin v. Boulevard Motel Corp.*, No. 14-cv-167-JAW; *Parker v. Boulevard Motel Corp.*, No. 14-cv-169-JAW.

Boulevard worries that if Ms. Pippin and Ms. Parker are allowed to testify about their terminations, the Pippin and Parker cases will become a trial within a trial and Boulevard would be forced to defend three lawsuits when only one is actually

being tried. *Def.'s Mot.* at 4-5. It is also concerned that such evidence would be unfairly prejudicial, would confuse the issues, and would waste time. *Id.* at 1-6.

Ms. Martin is not worried. She contends that other acts evidence may be admissible depending on "how closely related the evidence is to the plaintiff's case and theory of the case." *Pl.'s Opp'n* at 5 (quoting *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2004)). Ms. Martin also cites *Fairweather v. Friendly's Ice Cream, LLC*, No. 2:13-cv-00111-JAW, 2015 U.S. Dist. LEXIS 7645 (D. Me. Jan. 23, 2015), in which this Court ruled in a disparate treatment case that evidence of disparate treatment would be admissible. *See Vélez v. Thermo King de P.R., Inc.*, 585 F.3d 441, 451 (1st Cir. 2009) ("in order to be probative of discriminatory animus, a claim of disparate treatment 'must rest on proof that the proposed analogue is similarly situated in material respects'") (quoting *Perkins v. Brigham & Women's Hosp.*, 78 F.3d 747, 752 (1st Cir. 1996)).

Under *Brady v. Cumberland County*, 2015 ME 143, 126 A.3d 1145, a plaintiff in a whistleblower retaliation claim must prove "three elements: (1) that the employee engaged in a protected activity; (2) that the employer took adverse employment action against the employee; and (3) that there was a causal connection between the two." *Id.* ¶ 32 (citing *Walsh v. Town of Millinocket*, 2011 ME 99, ¶ 24, 28 A.3d 610). Assuming the Maine Supreme Judicial Court would apply the same analysis to a Maine Human Rights Act retaliation claim, the Plaintiff would bear similar proof requirements. *See Cote v. T-Mobile USA, Inc.*, No. 1:14-cv-00347-JAW, 2016 U.S. Dist. LEXIS 27736, at *46-48 (D. Me. Mar. 2, 2016). Under either theory,

the Plaintiff must prove causation between her exercise of allegedly protected activity and the adverse employment action. If the Plaintiff is able to establish that within the same period of time that it terminated Ms. Martin, Boulevard took adverse employment actions against similarly situated employees, this evidence would be probative of Boulevard's discriminatory intent. *See Vélez*, 585 F.3d at 451.

That said, the Court is sensitive to Boulevard's concern that it be required to defend only Ms. Martin's case. As in *Fairweather*, the Court "will monitor this evidence as it is being presented to balance its probative value against the danger of 'unfair prejudice, confusing the issues . . . undue delay, [and] wasting time.'" *Fairweather*, 2015 U.S. Dist. LEXIS 7645, at *5-6 (quoting FED. R. EVID. 403). Boulevard's worry is mitigated here because the parties waived the right to jury trial and the case will be heard by the Court, thereby lessening the potential that the factfinder will be improperly influenced by cumulative or unfairly prejudicial evidence. It is also mitigated by the fact that Ms. Martin represented that she intends to call both Ms. Pippin and Ms. Parker as witnesses at trial to testify about their personal knowledge of events surrounding Ms. Martin's claim and, therefore, each witness will presumably testify during the upcoming trial in any event. *Pl.'s Opp'n* at 3. The Court concludes that it would be inappropriate at this pretrial stage to rule the proposed analogue testimony of Ms. Pippin and Ms. Parker wholly inadmissible.

The Court DENIES Defendant Boulevard Motel Inc.'s Motion in Limine (ECF No. 54).

SO ORDERED.

                                                  /s/ John A. Woodcock, Jr.
                                                  JOHN A. WOODCOCK, JR.
                                                  UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2016